IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAN K. ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-913-GPM |
| | ) | |
| GEISSLER ROOFING CO., INC., D & D PROPERTY MANAGEMENT, INC., and KJD REAL ESTATE, LLC, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| KJD REAL ESTATE, LLC, | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAN K. ARNOLD, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| | ) | |
| KJD REAL ESTATE, LLC, | ) | |
| | ) | |
| Cross-Claim Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GEISSLER ROOFING CO., INC., and D & D PROPERTY MANAGEMENT, INC., | ) ) | |
| | ) | |
| Cross-Claim Defendants. | ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

Dan K. Arnold brings this action against Geissler Roofing Co., Inc. ("Geissler"), D & D Property Management, Inc. ("D & D"), and KJD Real Estate, LLC ("KJD"). KJD in turn has

counterclaimed against Arnold and cross-claimed against Geissler and D & D. On March 6, 2012, the Court conducted a bench trial in this case. This Order constitutes the Court's findings of fact and conclusions of law. *See* Fed. R. Civ. P. 52(a)(1).

Arnold is a former officer and employee of Geissler and a former officer and/or director of D & D. In connection with his role in Geissler and D & D, Arnold owned approximately ninety-five shares of Geissler stock and half of the stock of D & D. This case already has been the subject of extensive litigation in Illinois state court. In 1999, after David Owen, the president of Geissler and D & D, declared himself the sole director of Geissler, Arnold filed a "shareholder freezeout" suit in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, against Geissler, D & D, David Owen, and Brenda Owen, Geissler's other shareholder. Arnold alleged wrongful termination from his position as an officer and employee of Geissler, sought a declaration that he owned half of the shares of Geissler, and sought an order dissolving both Geissler and D & D and directing Geissler and D & D to distribute their assets to their shareholders in proportion to their ownership interests. This litigation proceeded for over seven years. In January 2007, Geissler and D & D filed a motion to enforce a settlement they claimed to have reached with Arnold. Under the terms of the settlement, Geissler and D & D claimed, Arnold agreed to transfer his shares in Geissler and D & D to the companies in return for the sum of $207,500. On April 2, 2007, the trial court voluntarily dismissed the 1999 lawsuit with prejudice, apparently without resolving the issue of the motion to enforce the alleged settlement between Arnold, on the one hand, and Geissler and D & D, on the other hand.

On April 23, 2007, Arnold sold his shares in Geissler and D & D to KJD for the sum of $290,000; on the same date KJD tendered to Arnold $100,000 of the purchase price of the stock.

On June 5, 2007, KJD brought suit in the St. Clair County Circuit Court against Geissler and D & D, seeking production of books and records. On June 11, 2007, Geissler and D & D filed suit against Arnold in the same court seeking to vacate the prior dismissal with prejudice entered in the 1999 lawsuit and to enforce the settlement agreement that Geissler and D & D claimed that they had entered with Arnold in the 1999 lawsuit. On September 18, 2007, Geissler and D & D filed another action in the St. Clair County Circuit Court seeking specific performance of their alleged settlement agreement with Arnold. Geissler and D & D obtained an ex parte default judgment against Arnold in the 2007 action for specific performance on April 2, 2008. Specifically, the state court's order provided that "[s]ervice having been obtained on [Arnold] 3/1/08, Dan Arnold having filed no answer is in default. Judgment entered in favor of Geissler Roofing Inc. and against Dan Arnold. It is found that the defendant Arnold is ordered to execute all settlement documents previously forwarded to Dan Arnold." Doc. 35-6 at 5. Arnold moved in the trial court to vacate the default judgment, but was unsuccessful. The state court ruled that Arnold "is ordered to execute settlement documents and to comply with the terms of the settlement agreement." Doc. 35-6 at 7. On appeal, the parties agree, the default judgment was affirmed. A petition by Arnold for review of the appellate court's decision was denied on September 29, 2010. *See Arnold v. Owen*, 938 N.E.2d 518 (Ill. 2010).

On November 12, 2010, Arnold filed this action. Arnold asserts a claim for interpleader and a declaratory judgment against Geissler, D & D, and KJD regarding Arnold's stock in Geissler and D & D. KJD has counterclaimed against Arnold and cross-claimed against Geissler and D & D, asserting that it is the proper owner of Arnold's stock in Geissler and D & D. Federal subject matter jurisdiction is proper based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. The exercise

of federal subject matter jurisdiction in diversity requires generally, of course, that an amount in excess of $75,000, exclusive of interest and costs, be in controversy and that all parties be of completely diverse citizenship, that is, no plaintiff is a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a)(1); *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993) ("Under the rule of complete diversity, if there are residents of the same state on both sides of a lawsuit, the suit cannot be maintained under the diversity jurisdiction even when there is also a nonresident party."). Arnold is a citizen domiciled in Florida. *See Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill.2006) (a natural person's citizenship for diversity purposes is determined by the person's domicile, that is, the state where the person is physically present with an intent to remain there indefinitely) (collecting cases). Geissler and D & D are corporations incorporated under Illinois law with their principal places of business in Illinois, and thus are citizens of Illinois for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, a corporation is a citizen of the state where it is incorporated and the state where it maintains its principal place of business); *Tile Unlimited, Inc. v. Blanke Corp.*, 788 F. Supp. 2d 734, 743-44 (N.D. Ill. 2011) (quoting *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010)) (a corporation's "principal place of business" for diversity purposes is "the place where a corporation's officers direct, control, and coordinate the corporation's activities"). KJD is a limited liability company ("LLC") the members of which are two citizens of Illinois, so that KJD is an Illinois citizen for diversity purposes. *See Bankcroft v. Bayer Corp.*, Civil No. 09-787-GPM, 2009 WL 3156706, at *2 (S.D. Ill. Sept. 29, 2009) (the citizenship of an LLC for diversity purposes is the citizenship of each of the LLC's members). Finally, as already has been discussed, the amount in controversy in this case exceeds $200,000, exclusive of interest and costs.

However, although federal diversity jurisdiction is proper in this case, the Court finds that the claims of both Arnold and KJD are barred by the so-called *Rooker-Feldman* doctrine. That doctrine originates in two decisions of the Supreme Court of the United States holding that the lower federal courts lack jurisdiction to review state-court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (citing 28 U.S.C. § 1257); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine provides generally that the power to review state-court judgments lies, if at all, only in the United States Supreme Court, not the lower federal courts. *See Feldman*, 460 U.S. at 482. Although the issue of the *Rooker-Feldman* doctrine was never raised in this case until it was raised by the Court sua sponte at trial, the doctrine is jurisdictional. *See Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 291 (7th Cir. 2007) (citing *Crestview Vill. Apartments v. HUD*, 383 F.3d 552, 557 (7th Cir. 2004)) (the *Rooker-Feldman* doctrine is a limitation on the subject matter jurisdiction of the lower federal courts); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999) (quoting *Centres, Inc. v. Town of Brookfield, Wis.*, 148 F.3d 699, 702 (7th Cir. 1998)) (when the *Rooker-Feldman* doctrine applies, "the federal courts lack subject matter jurisdiction even if the state court judgment was erroneous or unconstitutional."). Therefore, the issue of the *Rooker-Feldman* doctrine may be raised by the Court sua sponte at any point in a case. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction."). The *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction when (1) a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment, and seeks review and rejection of that judgment; and (2) the losing party files the federal complaint after the state-court proceedings have ended. In other words,

the *Rooker-Feldman* doctrine "applies only to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 590 (7th Cir. 2005) (quotation omitted). Thus, where a party files suit in federal court seeking review and reversal of an unfavorable state-court judgment, under the *Rooker-Feldman* doctrine the federal court does not have subject matter jurisdiction to hear the suit. *See id*.

In determining whether the *Rooker-Feldman* doctrine applies, "[t]he pivotal question . . . is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir. 2002) (quotation omitted). Here the Court finds *Homola v. McNamara*, 59 F.3d 647 (7th Cir. 1995), instructive. In *Homola*, a state court entered a default judgment against the plaintiff Homola for violating a building permit ordinance and ordered that city officials conduct inspections of Homola's property. *See id*. at 649. Homola refused to comply with the court's orders, and the court eventually held him in contempt and ordered his arrest. *See id*. In a series of federal-court actions, Homola sued the city, the city attorney who had prosecuted him, the judge who had ordered his arrest, and the city official charged with carrying out the judge's order for inspections of Homola's property. *See id*. Homola sought damages for having been sued, arrested and jailed. *See id*. The United States Court of Appeals for the Seventh Circuit held that federal-court review of Homola's claims was barred by the *Rooker-Feldman* doctrine because his claims rested entirely on the alleged unlawfulness of the state court's orders. *See id*. at 650-51. The Seventh Circuit Court of Appeals further stated that, had Homola sued the officers who arrested him, such claims also would have

been barred because the alleged injuries also resulted solely from the state court's order that Homola be arrested. *See id*. at 650. In this case, the injury complained of by both Arnold and KJD clearly is the state court's order directing Arnold to execute the settlement agreement with Geissler and D & D under the terms of which Arnold is required to tender back to Geissler and D & D his shares in the companies in return for consideration in the amount of $207,500. In short, Arnold and KJD are inviting this Court to "review and reject[ ] . . . [the] judgment[ ]" of the state court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). However, this is precisely what the *Rooker-Feldman* doctrine does not permit. Accordingly, Arnold's claims in this case will be dismissed for lack of subject matter jurisdiction, as will be KJD's counterclaim against Arnold and KJD's cross-claims against Geissler and D & D. However, the Court will order Arnold to repay to KJD the $100,000 that KJD tendered to Arnold as partial payment for KJD's purchase of Arnold's stock in Geissler and D & D, as such an order does not conflict in any way with the state-court's orders concerning transfer of Arnold's stock in Geissler and D & D. *See* 18B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Catherine T. Struve & Vikram David Amar, Federal Practice and Procedure § 4469.1 (2d. ed. 1987 & Supp. 2011) ("Rooker-Feldman principles do not bar federal action designed to support, not thwart, state-court action.") (collecting cases).[1]

---

1. Finally, although it is unnecessary and in fact beyond the Court's jurisdiction to address the issue, the Court notes in passing KJD's argument that Geissler waived its right to enforce company bylaws containing a stock-transfer restriction requiring that a holder of Geissler stock first offer the shares to other Geissler shareholders for purchase by failing to offer Arnold the opportunity to purchase Brenda Owens's shares in Geissler before she sold the shares to David Owen. As a stranger to the contract at issue, KJD has no standing to challenge the contract. *See, e.g., Interim Healthcare, Inc. v. Home Solutions Sys. Equity Corp*., No. 98 C 7419, 1999 WL 286082, at *5 (N.D. Ill. Apr. 26, 1999) (a stranger to a contract has no standing to challenge the contract).

To conclude, it is hereby **ORDERED** that Arnold shall repay to KJD the sum of $100,000 tendered to Arnold by KJD as partial payment for Arnold's shares in Geissler and D & D. Otherwise, Arnold's claims against Geissler, D & D, and KJD are **DISMISSED without prejudice** for lack of federal subject matter jurisdiction. *See T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) ("[W]hen a suit is dismissed for want of subject-matter jurisdiction, that is, because the court has no power to resolve the case on the merits even if the parties are content to have it do so, it is error to make the dismissal with prejudice."). Likewise, KJD's counterclaim against Arnold and KJD's cross-claims against Geissler and D & D are **DISMISSED without prejudice** for lack of federal subject matter jurisdiction. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: March 12, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge